LOTTIE M. WARD AND CHARLES WARD, HER HUSBAND, PLAINTIFFS, v. GEORGE LYDIARD AND RED TOP TAXI CORPORATION AND PUBLIC SERVICE TRANSPORTATION COMPANY, DEFENDANTS.

Submitted October term, 1927—Decided March 29, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Henry H. Fryling.*

*Contra, Palmer & Cooper.*

PER CURIAM.

On verdicts rendered in favor of the plaintiff, the Public Service Transportation Company, one of the defendants in this cause, obtained a rule for new trial.

The reasons urged for making the rule absolute are:

1. That the verdicts are against the weight of the evidence.

2 and 3. That the learned trial judge failed to charge the law of proximate cause.

4. That the damages are excessive.

The actions were to recover damages resulting from personal injuries received by Mrs. Ward, in a collision between a taxicab, in which she was a passenger, and an automobile bus of the Public Service Transportation Company. The collision occurred early in the morning of February 17th, 1926, at the intersection of Branford Place and Arlington

street, in Newark. The taxicab, after admitting Mrs. Ward, started out of a gas filling station on the easterly corner of this intersection, and entering Branford Place was a few feet south of the northerly curb line when the accident occurred, being struck on the right side toward the rear by defendant's bus, which had been proceeding easterly in and near the center of Branford Place. The crucial point was whether the taxicab had entered Branford Place when the defendant's bus was sufficiently distant to avoid a collision if defendant's chauffeur exercised proper care. Under the evidence we think this presented a fair question for the jury's determination. The accident occurred on the defendant's wrong side of the street, and it was under a duty to exercise the caution that this situation required. We cannot say that the jury was wrong in its conclusion that this duty was not observed.

In view of the evident causal relation of the defendant's negligence, if it existed, to the accident producing the injuries to Mrs. Ward, there was no error in the failure of the learned trial judge to charge this phase of the law.

Mrs. Ward was injured about the head, face and limbs. Her jaws were injured and there was some evidence of the loss of some of her teeth; she suffered pain and headaches later supervened. She was employed as a singer in a cabaret, at which she earned $40 per week. This employment she was obliged to give up, and her testimony is that the quality of her voice is impaired. The husband's expenses for medicine, medical and dental treatment and drugs were approximately $100 and there was proof of considerable sums paid for housework which his wife was unable to do. The result we reach is that the verdicts are not so clearly excessive as to justify their being disturbed by the court.

The rule to show cause will be discharged.